IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LEE A. CALLAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-166 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Lee A. Callaway appeals the denial by the Acting Commissioner of Social Security of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff is a fifty-eight year old male born on January 4, 1958. Tr. ("R."), p. 258. Plaintiff completed high school while enrolled in special education classes, and has worked as a box cutter, laborer, and janitor. R. 296. On May 12, 2012, Plaintiff protectively applied for DIB and SSI, alleging a disability onset date of November 1, 2009. R. 295. The Social Security

Administration denied Plaintiff's applications initially and on reconsideration. R. 200-03, 206-13. Plaintiff then requested a hearing before an ALJ, and the ALJ held a hearing on August 25, 2014. R. 27-57. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, from Shirley Anne Dyer, a witness and Plaintiff's friend, and from Mr. Michael Dorsey, a Vocational Expert ("VE"). Id. On October 21, 2014, the ALJ issued an unfavorable decision. R. 74-88.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 1, 2009, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: seizure disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant should not be required to climb ladders, ropes, or scaffolds, and he should avoid all exposure to hazards. (20 C.F.R. §§ 404.1565 and 416.965).

5. The claimant is capable of performing past relevant work as a janitor (382.664-010) and store laborer (922.687-058). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565 and 416.965) Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2009, through October 21, 2014 (the date of the ALJ's decision) (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

R. 76-88.

When the Appeals Council denied Plaintiff's request for review, R. 1-4, the

Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in evaluating Plaintiff's RFC. See doc. no. 10 ("Pl.'s Br."). The Commissioner maintains the ALJ's RFC finding is supported by substantial evidence and should therefore be affirmed. See doc. no. 13 ("Comm'r's Br.").

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the

3

Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Applicable Standards

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described the RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e.,

4

sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). A RFC assessment must be based on all of the relevant evidence in the case record including medical history, reports of daily activities, lay evidence, medical source statements, etc. See SSR 96-8p; 20 C.F.R. § 404.1545(a)(3).

**B.     The ALJ Erred by Failing to Consider All of the Relevant Medical Evidence.**

Plaintiff argues the ALJ erred by failing to consider all of the relevant medical evidence. (Pl.'s Br. 10.) Specifically, Plaintiff asserts the ALJ failed to consider and evaluate Dr. Dewitte's MRI and related opinion Plaintiff suffers from encephalomalacia.[1] (Id.) Plaintiff argues the MRI and opinion are probative to a finding of disability. (Id.) The Commissioner does not address the ALJ's lack of analysis concerning Plaintiff's encephalomalacia. (See generally, Comm'r's Br.)

On September 15, 2014, Dr. Jon J. Dewitte conducted an MRI exam of Plaintiff's brain after a seizure. R. 536. Dr. Dewitte found no abnormal areas of enhancement, clear mastoids, no mass effect, and no intracranial mass. Id. Significant, however, was Dr. Dewitte's finding Plaintiff exhibited small areas of encephalomalacia in the inferior frontal lobes. Id. Plaintiff

---

[1] Encephalomalacia is defined as "localized softening of brain tissues due to inflammation or hemorrhage . . . [and is] among the most serious types of brain damage that can affect individuals from various age groups." Deepamala Bhattacharya, *Encephalomalacia*, HXBENEFIT (last visited Nov. 21, 2016), http://www.hxbenefit.com/encephalomalacia.html.

5

submitted this medical evidence to the ALJ on October 2, 2014, after the August 25, 2014, hearing but before the ALJ rendered her decision on October 21, 2014.

Although an ALJ is not required to refer to every piece of evidence in his decision, the ALJ may not ignore relevant evidence when it supports the claimant's position. Tyner v. Colvin, No. 3:14-CV-645-J-MCR, 2015 WL 4080718, at *2 (M.D. Fla. July 6, 2015); Meek v. Astrue, 2008 WL 4328227, *1 (M.D. Fla. Sept.17, 2008) ("Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . Rather, the judge must explain why significant probative evidence has been rejected.") (internal citations and quotation marks omitted). Furthermore, an ALJ is required to state the weight given to "obviously probative exhibits." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).

Plaintiff could not have submitted Dr. Dewitte's findings before the hearing and there is a reasonable possibility the evidence could change the outcome of his case. See 20 C.F.R. § 405.331(c); Tyner, 2015 WL 4080718, at *2 (finding ALJ should have considered medical evidence submitted after hearing but before decision); Lord v. Apfel, 114 F. Supp. 2d 3, 13 (D.N.H. 2000) ("[T]he fact that the evidence was submitted after the hearing is irrelevant."). Because the ALJ failed to mention Dr. Dewitte's findings, it is impossible for the Court to determine whether the ALJ considered this evidence and implicitly discredited it, or simply overlooked it. This is significant because the Dr. Dewitte's finding of encephalomalacia is probative, supports Plaintiff's arguments in favor of disability, and is noncumulative.

Indeed, the ALJ's analysis of Plaintiff's allegations of intellectual disability may be contradicted by Dr. Dewitte's findings of encephalomalacia. R. 79. The ALJ stated Plaintiff provided no objective evidence corroborating his claim that he had significant cognitive

6

dysfunction prior to age twenty-two, or any evidence documenting an intervening event that would support the finding that his cognitive functioning declined after age twenty-two. R. 79. However, encephalomalacia may be an intervening event causing Plaintiff's cognitive functioning to decline after age twenty-two.

The encephalomalacia diagnosis may also cause the ALJ to assign more weight to consultative examiner Dr. Heather C. Futral's psychological evaluation. R. 371. On July 3, 2012, Dr. Futral saw Plaintiff after he was referred by the Georgia Department of Labor Disability Adjudication Services for a psychological evaluation. Dr. Futral noted Plaintiff had been homeless for the past several years and has worked in custodial positions throughout his lifetime. R. 372. Plaintiff reported being struck in the head with a bat during his adolescent years, and suffering from seizures once per week. Id. Dr. Futral evaluated Plaintiff's IQ, and Plaintiff's full scale IQ was 42. R. 374. Dr. Futral opined Plaintiff was suffering from "moderate mental retardation," and that his cognitive abilities appeared to be in the extremely low range. R. 375. Dr. Futral further opined Plaintiff's reading and visual motor capacity skills were in the lower extreme range, his mathematics skills were in the lower extreme range, and his adaptive functioning was in the extremely low range. R. 376. Dr. Futral diagnosed Plaintiff with Schizoaffective Disorder, Bipolar Type, and opined Plaintiff would have marked difficulty completing detailed tasks in a timely manner, sustaining attention for extended periods, and adapting to normal work stressors, and moderate difficulty with simple instructions and getting along with others. Id.

In assigning low weight to Dr. Futral's opinion, the ALJ found Dr. Futral's opinion was largely based on Plaintiff's subjective complaints and IQ score. R. 84. The ALJ may

conclude Dr. Dewitte's finding of encephalomalacia provides objective medical evidence supporting Dr. Futral's IQ findings and findings of marked impairments.

Because there is a reasonable probability Dr. Dewitte's findings could change the outcome of Plaintiff's case, the Court cannot conclude the ALJ's failure to address Dr. Dewitte's findings was harmless and remand is warranted. See McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986) ("It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole."). The Court need not reach Plaintiff's remaining contentions. Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS,** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 17th day of January, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA