IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LEE A. CALLAWAY, | * |
| Plaintiff, | * |
| v. | * CV 115-166 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * |
| Defendant. | * |

**O R D E R**

Before the Court is Plaintiff's motion to vacate or alter judgment under the Equal Access to Justice Act ("EAJA"). (Doc. 27.) For the following reasons, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

**I. BACKGROUND**

Plaintiff filed the present action on October 14, 2015, seeking review of the Social Security Administration's denial of Plaintiff's claim for benefits under the Social Security Act. (Compl., Doc. 1, ¶ 2.) The appeal was referred to the magistrate court for review and recommendation. (Order, Doc. 9.) On January 17, 2017, the magistrate court issued its report and recommendation, pursuant to 42 U.S.C. § 405(g), that the Commissioner of Social Security's final decision be reversed.

(Magistrate Judge's R. & R., Doc. 17.) The Court adopted the report and recommendation on February 9, 2017. (Order, Doc. 19.)

On March 13, 2017, Plaintiff filed his Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 21.) The motion for attorney's fees was referred to the magistrate court. (Docket, Apr. 4, 2017.) On July 26, 2017, the magistrate court entered an Order granting in part and denying in part Plaintiff's motion for attorney's fees.[1] (Order, Doc. 26.) Plaintiff challenges the attorney's fees award as void, and, alternatively, argues that the award should be altered.

## II. DISCUSSION

The Federal Rules of Civil Procedure establish that "the court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." FED. R. CIV. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." FED. R. CIV. P. 72(b)(1). Moreover, neither the Local Rules nor 28 U.S.C. § 636 provide authority to

---

[1] Plaintiff requested $13,362.79 in attorney's fees. (Order, Doc. 26, at 1.) The magistrate court awarded $7,926.28. (Id. at 4.) In his present motion, Plaintiff alternatively asks the Court to alter the magistrate court's attorney's fees award. Because the Court grants Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b)(4), it refrains analyzing the motion under Federal Rule of Civil Procedure 59.

2

enter a dispositive order on a contested attorney's fees motion without the parties' consent. An order of a magistrate court exceeding its statutory jurisdiction is to be vacated. <u>Brown v. United States</u>, 748 F.3d 1045, 1058, 1072 (11th Cir. 2014).

Plaintiff argues that the magistrate court entered an order determining attorney's fees without the parties' consent. As a result, Plaintiff's position is that the magistrate court entered the July 26th Order in excess of its authority. Defendant does not contest this point. Plaintiff, therefore, asks this Court to reconsider the July 26th Order under Federal Rule of Civil Procedure 60(b)(4).

Pursuant to Federal Rule of Civil Procedure 60(b)(4), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." A judgment is generally void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter." <u>Burke v. Smith</u>, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation omitted). Additionally, "[a] judgment . . . is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." <u>Id.</u>

Whether to grant a motion pursuant to Rule 60(b) is within the court's sound discretion. <u>Arthur v. Thomas</u>, 739 F.3d 611, 628 (11th Cir. 2014). However, "a district court's failure to vacate a void judgment is *per se* an abuse of discretion." <u>Oldfield v.

3

Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). The Court finds that Plaintiff's motion for attorney's fees was a contested dispositive motion on that issue. The magistrate court's Order resolving that motion, without the consent of the Parties, exceeded the magistrate's authority. The proper resolution of Plaintiff's motion for attorney's fees is a report and recommendation pursuant to Federal Rules of Civil Procedure 52(d)(2)(D) and 72(b). Accordingly, the Order is void. Following this Circuit's precedent, the Court must vacate the July 26th Order.

Plaintiff requests that upon the Court concluding that the July 26th Order was entered without jurisdiction, "The District Judge may then re-refer Plaintiff's motion for attorney fees to the Magistrate Judge for the Magistrate Judge to issue a report and recommendation." (Mot. to Vacate, Doc. 27, at 2.) The Court concludes re-referring the motion is unnecessary. Federal courts across the country, in similar circumstances, have determined that when a magistrate order should have been issued as a report and recommendation, the order may be treated as such. See, e.g., David v. District of Columbia, 252 F.R.D. 56, 58-59 (D.D.C. Sept. 11, 2008) (citing Leyse v. Corp. Collection Servs., 557 F. Supp. 2d 442, 443 (S.D.N.Y. 2008); Sieverding v. Colo. Bar Ass'n, No. 02-cv-01950, 2006 U.S. Dist. LEXIS 70777, at *6 (D. Colo. Sept. 27, 2006)). The Court does the same here.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to vacate or alter judgment (Doc. 27) is **GRANTED IN PART AND DENIED IN PART**. The July 26, 2017 Order (Doc. 26) is **VACATED** and will be treated as a **REPORT AND RECOMMENDATION**. As such, Federal Rule of Civil Procedure 72(b)(2) governs the time for objections to the Report and Recommendation. The Parties shall have **FOURTEEN (14) DAYS** from the date of this Order to object to the Report and Recommendation. A party may then respond within **FOURTEEN (14) DAYS** of being served with the objection.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of January, 2019.

---
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA